### In re Christian Guenzler, ex parte.

#### May 21, 1878.

An application, under the statute, for a deed from the successor of a deceased sheriff must be made within a reasonable time, and such application is properly refused when made after the lapse of nearly thirty years by one who has, by mesne conveyances from the original purchaser, a fractional part of the property sold under execution by the sheriff.

Appeal from St. Louis Circuit Court.
*Affirmed.*
F. Stumpf and J. Neil, for petitioner.

Bakewell, J., delivered the opinion of the court.

This is an application to the St. Louis Circuit Court for an order upon the sheriff of Jefferson County directing him to execute a deed to Christian Guenzler for some real estate purchased at a sheriff's sale in 1848 by one Wright. The petition, in substance, states that by proceedings in the St. Louis Circuit Court, in chancery, Elizabeth Wright obtained a decree of divorce, in 1847, from Hiram Wright, and judgment for $45.96 costs; on the judgment, execution issued to the sheriff of Jefferson County, in 1848, which was levied on three forty-acre tracts of Hiram Wright in that county, which were sold under this execution and purchased by David W. Wright, who entered into possession and remained in pos-

session of the part now owned by plaintiff until he sold, and of the remainder until his death, in 1876 ; that the sheriff who made the sale died, and D. W. Wright, some three years after the sale, applied to the Circuit Court of Jefferson County for an order on the then sheriff to make a deed to him for the land so sold under this execution by his predecessor ; that this order was granted, and the deed executed in due form and delivered to Wright ; that in 1869, Wright sold a portion of this land to his daughter, by deed of himself and wife ; that this daughter, by deed, conveyed the same to petitioner ; that no deed ever was executed by the sheriff to Wright, except the one made by order of the Circuit Court of Jefferson County, which, though formally correct, is worthless for want of power in the sheriff to make it ; that petitioner is the owner and in possession of the land, for which he asks a sheriff's deed. The Circuit Court entertained the application and heard evidence, documentary and oral, which is set out in the record and seems to establish the facts alleged. The court then refused to grant the order and dismissed the bill, and the petitioner appeals.

The statute provides that "when any officer shall die, be removed from office or disqualified, or shall remove from this State, after the sale of any property and before executing any conveyance therefor, the purchaser may petition the court out of which the execution issued, stating the facts ; and if he satisfy the court that the purchase-money has been paid, the court shall order the sheriff then in office to execute and acknowledge a deed to the purchaser, reciting the facts ; which deed shall be executed accordingly, and shall have the same effect, to all intents and purposes, as if made by the officer deceased, removed from office, disqualified, or absent from the State." Wag. Stats. 613, sect. 62.

This law was in force when Wright purchased, thirty years ago. It gives a summary remedy to the purchaser in

case the officer making a sale shall not, for the reasons named, deliver a deed; but it does not say, and we do not think it means, that any person who derives title from the purchaser, by mesne conveyances, to any portion of the land sold, may at any time require the Circuit Court to examine his title and order the sheriff to make him a deed to relate back (as it would if it had any effect) to the original sale. In this case, nearly thirty years have elapsed since the sale; the petitioner is not the purchaser, nor the heir of the purchaser, nor his grantee, and he represents only about one-third of the property purchased by Wright. If the property purchased had been subdivided and sold out in town-lots, the Circuit Court, on the petitioner's theory, might be compelled to entertain applications of this sort from a hundred petitioners, and to examine a thousand mesne conveyances, in order to cure an alleged defect in title, arising from an omission to make proper application for a deed half a century ago, when this act was passed. The power conferred by this statute is special and limited. Similar acts exist in other States, and they have been strictly construed in accordance with the rule in regard to the exercise of every special jurisdiction. *Thornton* v. *Boyd*, 25 Miss. 595; 14 B. Mon. 579; 2 Serg. &. R. 53.

The application, too, should be made within a reasonable time. Without laying down any rule in this matter, we may say we cannot pronounce it error to refuse such an application after the lapse of nearly thirty years. *Rucker* v. *Dooley*, 49 Ill. 383; *Jackson* v. *McCall*, 3 Cow. 75; *Alexander* v. *Merry*, 9 Mo. 515.

On his own statement, petitioner and those under whom he claims have a perfectly good legal title to the property by adverse possession, unless against some persons, if any such there be, who may possibly claim an interest in the premises and have been under disabilities. The statute was clearly not intended to apply to the case which peti-

tioner makes. He is clearly not the purchaser of the property, and does not come within either the language or the equity of the statute.

The judgment of the Circuit Court is affirmed. All the judges concur.